UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIE SAMPSON,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:15-cv-00082-MMD-VPC<br><br>ORDER |

**I.   DISCUSSION**

On April 23, 2015, this Court entered a screening order in this case and dismissed Counts I and II with leave to amend and dismissed Count III with prejudice. (Dkt. no. 8 at 12.) The Court also denied the motion for preliminary injunction. (*Id.*)

On May 1, 2015, Plaintiff filed a motion for reconsideration. (Dkt. no. 10.) In this motion, Plaintiff alleges that he misspelled a word in Count I which he believes affected his substantial rights. (*Id.* at 2.) Specifically, Plaintiff used the word "closer" when he should have used "closure." (*Id.*) Plaintiff states that the new allegation would state that Northern Nevada Correctional Center had a "policy of the closure of medical sick call to inmate population." (*Id.*) Plaintiff also believes that this error may have caused the Court to dismiss Count III with prejudice. (*Id.* at 3.) Plaintiff alleges that he was never denied medical supplies as the Court interpreted but states that he spoke hypothetically that Defendants' classification policy denied him to be housed in Unit 3 where he "could have" received his medical supplies. (*Id.*) Plaintiff also argues that the Court erred when it denied his motion for preliminary injunction because he asked the Court for leave to amend to add an ADA claim to his complaint. (*Id.* at 4.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court grants Plaintiff's motion for reconsideration in part and denies it in part. The Court notes that Plaintiff's corrected use of the term "closure" may affect this Court's analysis with respect to Count I. However, the Court notes that, pursuant to the screening order, the Court is still unclear what exactly Plaintiff is attempting to allege in that count. As such, the Court granted Plaintiff leave to amend that claim. The Court directs Plaintiff to file an amended complaint, use the term "closure", and address the Court's concerns with Plaintiff's ADA and RA claim. (*See* dkt. no. 8 at 7.)

With respect to Count III, the Court found that Plaintiff failed to state a deliberate indifference to serious medical needs claim for not immediately being placed into the Unit 3 medical housing unit because Plaintiff still received his medical supplies. (*See* dkt. no. 8 at 8-9.) The Court does not find that Plaintiff's hypothetical situation where he could have received medical supplies in Unit 3 changes that analysis. The Court denies Plaintiff's motion to reconsider its dismissal with prejudice on Count III.

Additionally, the Court denies Plaintiff's motion to reconsider the denial of the motion for preliminary injunction. However, if Plaintiff seeks to add an ADA claim to his complaint, he should do so in his amended complaint. The Court directs Plaintiff to file an amended complaint in compliance with this Court's April 23, 2015, screening order. (Dkt. no. 8 at 9, 12).

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (dkt. no. 10) is denied in part and granted in part.

It is further ordered that Plaintiff shall file an amended complaint curing the deficiencies of his complaint, as outlined in this Court's April 23, 2015, screening order, within thirty (30) days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (dkt. no. 9), declaration (dkt. no. 5-2), and original screening order (dkt. no. 8). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this Court's April 23, 2015, screening order, this action shall be dismissed without prejudice.

DATED THIS 15th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE